UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMIE VAIL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-1462 |
| § | |
| OXY USA WTP LP, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the plaintiffs', Tammie Vail, individually and as Executor of the Estate of Ryan Provancher, motion to remand this case to the 189th Judicial District Court of Harris County, Texas [Dkt. No. 11]. Also before the Court is the response of the defendants, Oxy USA WTP LP; Occidental Permian Manager LLC; and Occidental Oil & Gas Corporation [Dkt. No. 16] to the plaintiffs' motion. After a careful review of the documents on file the Court is of the opinion that the plaintiff's motion should be granted.

**II.**

On or about May 14, 2014, the plaintiff filed suit against the defendants on account of injuries and death suffered by Ryan Provancher. The plaintiffs contend that Ryan Provancer, the decedent, was under contract to the defendants, through his employer, Driven Services, to perform repairs at the defendants' Manning North Dakota facility. According to the plaintiffs, the decedent and a co-worker were engaged in

replacing steel pipe recycling lines outside and inside the facility. The decedent did not experience difficulty the first two days, October 7 and 8. However, when the decedent moved inside the building and continued to replace line(s), he encountered hydrogen sulfide gas. Although the decedent's co-worker escaped the building, the decedent did not. The plaintiffs contend that the decedent died as a result of hydrogen sulfide gas inhalation due to the negligence and gross negligence of the defendants.

### III.

The applicable, diversity of citizenship, statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the

amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  28 U.S.C. §§ 1331, 1332.

## IV.

The defendants contend that they removed the case to federal court based on diversity of citizenship under 28 U.S.C. § § 1331(a).  The defendants raise the question whether 28 U.S.C. § § 1441(b)(2) dictates remand of a removed case, base solely on diversity, when the plaintiff has not served any citizen of the state in which the action is brought.  In raising this question, the defendants do not argue that they have been sued in a foreign jurisdiction.  They concede that they are residents of the forum state.  Instead, the defendants' removal arguments rest on the plain language of the statute that permits removal of a suit by a defendant to a federal forum even in his/its forum state where a plaintiff is a citizen of another state.  The portion of the statutes relied upon by the parties state in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-citizens of different States;

28 U.S.C. § 1332(a)(1)

. . .

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed **if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**.  [Emphasis added.]

28 U.S.C. § 1441(b)(2)

## V.

The Court is of the opinion that the defendants' interpretation of § 1441(b)(2) is erroneous.  The defendants cite at least three cases that they claim address the issue of removal and remand, none of which, in the Court's opinion favorably support their position in this case.  In *Alvarez v. Midland Credit Mgmt., Inc.* (5th Cir. 2009), the issue before the court was whether the Rooker-Feldman doctrine precluded the exercise of federal jurisdiction.  The suit was brought under the Class Action Fairness Act; hence, federal question jurisdiction, not diversity, was in play.  In *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp,* 478 F.3d 274 (5th Cir. 2007), the court focused on the time for removal in relationship to service of process.  There, the court made clear that the time for removal commences on formal service of process.  *Id.* at 278.  Lastly, in *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001), the court reaffirmed the principle that where there is completed diversity among the defendants served, the later inclusion of a resident defendant does not defeat removal. *Id.* at 814.

In all of the defendants' cited cases the party defendant were either diverse to the forum state or a federal question was raised.  Absent from the defendants cases is any authority for a resident defendant to remove his case, based on diversity before he has been formally served.  This view is absurd and contrary to the policy of law on diversity.  Defendants who are residents of the forum state cannot "game" the judicial process by removing a diverse plaintiff's case to federal court where the plaintiff has chosen to sue the defendants where they reside.

Federal diversity jurisdiction was "created" to provide a non-resident defendant with a non-prejudicial forum. *See* 28 U.S.C. § 1441(a) and (b). The pleadings on file show that the claims of the plaintiffs do not arise under the Constitution, treaties or laws of the United States. Nor does the Court have original jurisdiction over the subject matter of the removed case. In light of these undisputed facts, this case should be remanded to the state court and costs and attorneys' fees awarded.

It is, therefore, ORDERED that this case be, and it is hereby, REMANDED to the 189th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c).

SIGNED on this 11th day of July, 2014.

_____

Kenneth M. Hoyt
United States District Judge